UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, | * |
| Petitioner, | * |
| v. | *   Civil Action No. 21-10869-IT |
| DEPARTMENT OF JUSTICE, | * |
| Respondent. | * |

ORDER

June 2, 2021

TALWANI, D.J.

On May 21, 2021, *pro se* Petitioner Timothy Doyle Young, who is confined at USP Florence ADMAX in Florence, Colorado, filed a Petition for a Writ of Habeas Corpus [#1]. The petition has not been served so that the court may first determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that a court is not required to order a response to a habeas petition if appears that the petitioner is not entitled to relief). For the reasons set forth below, this action is DISMISSED without prejudice.

In his pleading, Petitioner asks that the court order that he be released because "[his] incarceration is in violation of the Constitution." Pet. ¶ 1. He claims he is entitled to release because of alleged misconduct by the Department of Justice, federal district courts in Colorado and the District of Columbia, and the Bureau of Prisons.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought by a petitioner who is within the court's jurisdiction at the time the petition is filed. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)

("District courts are limited to granting habeas relief 'within their respective jurisdictions.'") (quoting 28 U.S.C. § 2241(a)); see also id. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). As Young is confined within the District of Colorado, this Court does not have jurisdiction over his habeas petition.[1]

The court dismisses this action without prejudice for lack of habeas jurisdiction. Transferring this action to the District of Colorado is not in the interest of justice, see 28 U.S.C. § 1631, as that District has placed filing restrictions placed upon him. See Young v. United States, C.A. No. 14-00073-LTB [#24] (D. Colo. Apr. 22, 2014) (requiring Young to seek permission prior to filing any civil action).

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

June 6, 2021

---

[1] Young has repeatedly been informed that the United States District Court for the District of Massachusetts does not have jurisdiction to entertain Petitioner's habeas action challenging present custody if he is not confined in Massachusetts. See Young v. Sessions, C.A. No. 18-11517-LTS [#4] (D. Mass. July 20, 2018); Young v. United States, C.A. No. 10-40120-RGS [#4], 2010 WL 3023880 (D. Mass. July 28, 2010); Young v. United States, C.A. No. 10-10586-RGS [#3-1], 2010 WL 1506545 (D. Mass. Apr. 12, 2010).